Chen v. Lynch

BIA
Wright, IJ
A200 211 623

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> PETER W. HALL,
> *Circuit Judges.*

_____

SHENG JIAN CHEN,
> *Petitioner,*

v.                                          14-3283
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Zhen Liang Li, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; John W.
                         Blakeley, Assistant Director;
                         Francis W. Fraser, Senior Litigation

Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sheng Jian Chen, a native and citizen of China, seeks review of an August 7, 2014, decision of the BIA affirming a June 19, 2013, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sheng Jian Chen,* No. A200 211 623 (B.I.A. Aug. 7, 2014), *aff'g* No. A200 211 623 (Immig. Ct. N.Y. City June 19, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review

are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In his asylum application, Chen contended that he feared future persecution on account of his Christianity because Chinese police were aware that he had distributed leaflets on behalf of his church in China, and he continued to be religiously active and proselytize in the United States.  The agency denied Chen's application because he had not adequately corroborated either that the police in China were aware of his activities there or that he engaged in religious activities in the United States, and he did not provide a compelling reason for the lack of corroboration.

The agency may require corroboration despite otherwise credible testimony, and deny an application based on the failure to provide such corroboration, if the corroborating evidence is reasonably available.  8 U.S.C. § 1158(b)(1)(B)(ii); *see Yan Juan Chen v. Holder*, 658 F.3d 246, 251-52 (2d Cir. 2011).  However, the IJ must identify the corroborating evidence that should have been presented, and explain why such evidence would be reasonably available.  *Yan Juan Chen*, 658 F.3d at 253.  The IJ need not point to the missing evidence and show that it is

3

reasonably available during the hearing; rather, it is sufficient that she do so in her decision. *Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009).

Here, the IJ required documentation that the police were aware that Chen had distributed religious leaflets in China. This evidence was reasonably available: Chen had already provided a letter from his friend who, he contended, had given the police his name. That letter, however, did not corroborate Chen's contention. Chen did not identify any reason why the required evidence – a letter with the relevant information – was not reasonably available. In addition, Chen failed to corroborate any continuing religious practice. The IJ also required evidence to show that Chen was religiously active in the United States; Chen agreed that witnesses from his church were available to testify, but did not call them. His explanation that he did not know he was required to provide such witnesses is not compelling because "the alien bears the ultimate burden of introducing [corroborating] evidence without prompting from the IJ." *See id*. at 198. Because Chen did not offer a compelling explanation that the required evidence was not reasonably available, we defer to the agency's

4

conclusion that Chen did not adequately corroborate his claim. *See* 8 U.S.C. § 1252(b)(4).

Absent the identified evidence, Chen did not adequately show that anyone in China was aware, or likely to become aware, of his religious activities. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008). While Chen provided a letter from his mother stating that the police had come to her house looking for Chen, the agency was not required to credit the letter because it was from an interested witness not available for cross examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (B.I.A. 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

As a result, the agency did not err in concluding that Chen had not met his burden to show a well-founded fear of future persecution. Because Chen was unable to establish the objective likelihood of harm needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

5

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk